# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SAHI SARWAR,**
**ALIEN # A070-580-392,**

    Petitioner,

vs.                                                                 Case No. 4:08cv242-RH/WCS

**MICHAEL B. MUKASEY, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On May 29, 0208, Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to § 2241. Doc. 1. Eventually, Petitioner filed a third amended habeas petition, doc. 17, and Respondents filed the Answer, doc. 27, on October 29, 2008. Petitioner was given an extended period of time in which to file his response, doc. 28. The order directing Petitioner to file his reply noted that Petitioner should address, in particular, "the issue of his current custody considering his conviction in this Court on October 7, 2008, case 4:08cr37-RH, and his allegations in the instant § 2241 petition that he is being held in indefinite detention contrary to Zadvydas v. Davis, 533 U.S. 678 (2001)." Doc. 28. Petitioner has chosen not to file a reply.

**Claim of the § 2241 petition**

Petitioner sought release from what he claimed was an indefinite period of custody, asserting that there was no likelihood that I.C.E. could effect his removal in the reasonably foreseeable future. Doc. 17. At the time of filing, Petitioner was being held in the Wakulla County Jail. *Id.* Petitioner does not challenge the final order of removal, simply that he has been held beyond the presumptively reasonable period of detention as established by Zadvydas v. Davis, 533 U.S. 678 (2001).

**The Answer**

Respondents note that at the time Petitioner filed his third amended petition on August 18, 2008,[1] he was in the "custody" of the United States Marshal, rather than I.C.E. Doc. 27, p. 2. Petitioner was "transferred from ICE custody to the custody of the U.S. Marshal on August 7, 2008." *Id.* Importantly, at the time the Answer was filed in late October, Petitioner had a criminal case pending in this Court, case 4:08cr37. *Id.* On October 7, 2008, Petitioner was convicted in this Court of Failing to Make a Timely Application and Hampering His Departure. *Id.*, at 7. Petitioner was due to be sentenced on December 18, 2008. *Id.*, at 2.

**Arguments presented**

Respondents contend that this Court lacks subject matter jurisdiction over this action because Petitioner is not "in the custody" of ICE. Doc. 27. Under § 2241, Respondents asserts, the writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Respondents acknowledge that the "in custody" determination is made at the time the habeas petition is filed. *Id.*, at 2.

---

[1] Petitioner actually initiated this case, however, on May 29, 2008. Doc. 1.

Case No. 4:08cv242-RH/WCS

Respondents further contend that this petition should be dismissed because he has failed to establish his detention is unlawful. *Id.*, at 3. They argue that Petitioner has hampered his removal and failed to cooperate with efforts to obtain a travel document so that Petitioner could be removed from the United States. *Id.*, at 7. Petitioner's conviction in this Court for the offense listed above is clear proof that Petitioner is not entitled to relief and his petition should be denied.

**Analysis**

Because Petitioner is not challenging a final order of removal, but only seeking release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition. Although Respondents contend there is no jurisdiction because Petitioner did not meet the "in custody" requirement, that is incorrect. At the time of case initiation, when jurisdiction attaches, Petitioner was in the custody of ICE and was being held in the Wakulla County Jail. Petitioner initiated this case in May, 2008, and as clearly shown by Respondents, Petitioner was not "transferred from ICE custody to the custody of the U.S. Marshal [until] August 7, 2008." Doc. 27, p. 2.

In Zadvydas, the United States Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and was asked to decide whether the statute authorized indefinite detention of a removable alien.[2] The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that

---

[2] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A).

alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.,* at 699, 121 S.Ct. at 2503. For sake of uniformity, the Court announced "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.

In Clark v. Martinez, *supra*, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens,[3] concluding there was no reason why the removal period would be longer for an inadmissible alien than an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. Thus, the 6-month presumptive detention period prescribed in Zadvydas is applicable regardless of the alien's status. *Id.*

An exception to the six-month removal period exists under 8 U.S.C. § 1231(a)(1) which provides that the removal period "shall be extended . . . and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8

---

[3] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6), *quoted in* Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005).

U.S.C. § 1231(a)(1)(C).[4]  Accordingly, where the alien acts or conspires to prevent his removal, an extended period of detention is expressly permitted by statute.

Thus, Respondents have demonstrated clearly that Petitioner has hindered his own removal.  His conviction in this Court on October 7, 2008, is indisputable evidence that Petitioner's removal was delayed and hampered by Petitioner's own efforts.

In Sango-Dema v. District Director, I.N.S., 122 F.Supp.2d 213 (D. Mass. 2000), a case decided before Zadvydas, the court denied habeas relief where the petitioner was found to be "the cause for the long delay."  The court stated, "[e]ven if this Court were to agree with the courts recognizing a constitutional right to be free from indefinite detention by the INS, an alien cannot trigger such a right with his outright refusal to cooperate with INS officials."  Sango-Dema, 122 F.Supp.2d at 221.

In Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D.N.Y. 2002), the court noted that Zadvydas was concerned with the constitutionality of § 1231(a)(6) where aliens were in " ''deportation limbo because their countries of origin had refused to allow [them] entrance.' "  Powell, 194 F.Supp.2d at 211, *citing* Sango-Dema, 122 F.Supp.2d at 221 (explaining Zadvydas).  The court found that Zadvydas was inapplicable because it "did not discuss the constitutionality of Section 1231(a)(1)(C) and the tolling of the removal period during the time of an alien's non-cooperation."  Powell, 194 F.Supp.2d at 212, *citing* Guner v. Reno, 2001 WL 940576 (S.D.N.Y. Aug. 20, 2001).  The court held that petitioner's continued detention was appropriate because he had not "provide[d] accurate and complete information to the INS," and that after he did so, it was likely that

---

[4] During the "removal period" an alien must be detained.  8 U.S.C. § 1231(a)(2). Petitioner's removal period began on June 26, 2007, the date on which he entered into ICE's custody.  8 U.S.C. § 1231(a)(1)(B).  *See* doc. 17, p. 7.

he would be removed.  Powell, 194 F.Supp.2d at 212.  *See also* Archibald v. I.N.S., 2002 WL 1434391, *8 (E.D.Pa. July 1, 2002) (finding the case factually distinguishable from *Zadvydas* where "Archibald's detention [was] a direct result of his seeking relief from deportation" and holding that because his indefinite detention was a result of his requesting a stay, he could not "be heard to complain[] that the time period during which he has been detained constitute[d] a denial of due process."); Thevarajah v. McElroy, 2002 WL 923914 (E.D.N.Y. Apr. 30, 2002)(holding that petitioner's custody by INS was constitutional following *Zadvydas* because the nearly 5-year detention was lengthened largely because of petitioner's own actions); *cf.* Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37 (D.D.C. July 22, 2002) (rejecting respondent's argument that petitioner "has not cooperated in obtaining travel documents because he told Liberian officials that he did not want to return to Liberia" and noting that INS had not argued that "petitioner refused to request travel documents or refused to be interviewed by Liberian officials" and did not deny his Liberian citizenship, or give "false or misleading information that impeded the issuance of travel documents.").

In this case, Petitioner's six-month period of removal pursuant to Zadvydas has been tolled as permitted by 8 U.S.C. § 1231(a)(1)(C).  The fact that Petitioner was convicted of hampering his departure is clear evidence that Petitioner was the cause of his extended detention.  Thus, Petitioner may not be heard to complain of delay in effecting his removal.  Petitioner has acted to toll the removal period and his continued detention is lawful pursuant to 8 U.S.C. § 1231(a)(1).  This § 2241 petition should be denied.

Accordingly, it is **RECOMMENDED** that the third amended petition for a writ of habeas corpus, doc. 27, filed by Sahi Sarwar, A70-580-392, pursuant to 28 U.S.C. § 2241, be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2009.


                                              s/   William C. Sherrill, Jr.
                                              **WILLIAM C. SHERRILL, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**